## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORISSA LEAVENS,<br><br>                    Plaintiff,<br><br>          vs.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>                    Defendant. | Docket No. 2:17-cv-07354-SJF-AYS |

## **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**BARSHAY SANDERS, PLLC**

David M. Barshay, Esquire
Jonathan M. Cader, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
jcader@sanderslawpllc.com
*Attorneys for Plaintiff*

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................ 1

PROCEDURAL HISTORY ............................................................................................... 2

STATEMENT OF FACTS ................................................................................................ 3

ARGUMENT ..................................................................................................................... 4

    A.   Standard of Review ....................................................................................... 4

    B.   The Court Should Not Consider the "Move Out Reconciliation Report" in the Context of a Rule 12(c) Motion ...................................................................... 6

    C.   A Consumer's *Prima Facie* Case Under the FDCPA. ...................................... 8

    D.   Defendant is not Entitled to Judgment on the Pleadings Because the Letter is Open to More Than One Reasonable Interpretation ...................................... 9

CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

## CASES

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010) ................................................................. 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................... 5, 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................... 5, 6

*Burnette v. Carothers*,
   192 F.3d 52 (2d Cir. 1999) ................................................................. 5

*Cavallaro v. Law Office of Shapiro & Kreisman*,
   933 F. Supp. 1148 (E.D.N.Y. 1996) ...................................................... 8, 9

*Chambers v. Time Warner Inc.*,
   282 F.3d 147 (2d Cir. 2002) .............................................................. 7, 8

*Datiz v. Int'l Recovery Assocs.*,
   No. 15-cv-3549 (ADS)(AKT), 2016 WL 4148330  (E.D.N.Y. Aug. 4, 2016) ....... 11, 12, 14, 15

*Eun Joon Lee v. Forster & Garbus LLP*,
   926 F. Supp. 2d 482 (E.D.N.Y. 2013) .................................................. 12, 14

*Faulkner v. Beer*,
   463 F.3d 130 (2d Cir. 2006) ................................................................. 8

*Flagler v. Trainor*,
   663 F.3d 543 (2d Cir. 2011) ................................................................. 6

*Gerard v. Traffic Safety, LLC*,
   No. 11-cv-8550, 2012 WL 2866255 (S.D.N.Y. July 2, 2012) .......................... 8

*Goldstein v. Diversified Adj. Serv., Inc.*,
   No. 17-CV-04729 (BMC), 2017 WL 5592683 (E.D.N.Y. Nov. 20, 2017) ......... 13, 14

*Guarasci v. MRS BPO, LLC*,
   No. 17-cv-3679 (SJF)(ARL) (E.D.N.Y. Oct. 24, 2017) ............................ 12, 15

*Hess v. Cohen & Slamowitz LLP*,
   637 F.3d 117 (2d Cir. 2011) ................................................................. 9

*Humphrey v. PennyMac Holdings, LLC*,
    2017 WL 3184467 (D.N.J. 2017)............................................................................ 10

*Int'l Audiotext Network, Inc. v. Am Tel. & Tel. Co.*,
    62 F.3d 69 (2d Cir. 1995).................................................................................... 8

*Mahoney v. Sony Music Entertainment*,
    No. 12 CIV. 5045 RJS AJP, 2013 WL 491526 (S.D.N.Y. Feb. 11, 2013) ................................. 6

*Matson v. Bd. of Educ. of City Sch. Dist. of New York*,
    631 F.3d 57 (2d Cir. 2011)................................................................................... 6

*McGinty v. Prof'l Claims Bureau, Inc.*,
    No. 15-cv-4356 (SJF) (ARL), 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016) .............. 12, 14, 15

*McStay v. I.C. Sys., Inc.*,
    308 F.3d 188 (2d Cir. 2002)............................................................................. 8, 9

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir.2007)................................................................................. 7

*Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*,
    748 F.2d 774 (2d Cir. 1984).............................................................................. 6

*Suquilanda v. Cohen & Slamowitz, LLP*,
    No. 10-CIV-5868 (PKC), 2011 WL 4344044 (S.D.N.Y. Sept. 8, 2011) .......................... 9

## STATUTES

15 U.S.C. § 1692a(2)....................................................................................... 3
15 U.S.C. § 1692a(3).................................................................................... 3, 8
15 U.S.C. § 1692a(5)....................................................................................... 3
15 U.S.C. § 1692a(6).................................................................................... 3, 8
15 U.S.C. §1692 .......................................................................................... 1
15 U.S.C. §1692e ...................................................................................*passim*

## RULES

15 U.S.C. § 1692g(a)(2) .......................................................................... 10, 11, 12
15 U.S.C. 1692g .................................................................................. 10, 11, 12
Fed. R. Civ. Pro. 12(b)(6)................................................................................ 4, 6
Fed. R. Civ. Pro. 12(c) ...........................................................................*passim*
Fed. R. Civ. Pro. 8(a)(2) .................................................................................. 5

Plaintiff, Corissa Leavens ("*Leavens*" or "*Plaintiff*") submits the instant memorandum in Opposition to the Motion of Defendant National Credit Systems, Inc. ("*NCS*" or "*Defendant*") for a judgment on the pleadings pursuant to Fed. R. Civ. Pro. 12(c).

## PRELIMINARY STATEMENT

Plaintiff commenced this action following his receipt of a collection letter from Defendant, dated December 15, 2016 (the "*Letter*") through which Defendant was attempting to collect a debt allegedly owed to an entity that is not specifically identified in the Letter. Accordingly, the Complaint alleges that Defendant violated the applicable provisions of the Fair Debt Collection Practices Act (15 U.S.C. §1692, *et seq.*) (the "*FDCPA*") by, *inter alia,* failing to identify by name or label, any entity as the "creditor," the "original creditor," the "current creditor," the "account owner," or the "creditor to whom the debt is owed."

Defendant now moves this Court for a judgment on the pleadings, arguing that the Letter's identification of a "client" is sufficient to discharge its obligations under the FDCPA. Defendant is wrong insofar as numerous Courts in this District have held that merely captioning a letter with an ambiguous "RE:" or "client" designation is subject to more than one reasonable interpretation and, therefore, is insufficient to identify of the creditor to whom Plaintiff's debt is allegedly owed.

Faced with this immutable fact, Defendant attempts to introduce a separate document which it argues was included with the Letter, which Defendant avers will serve to establish that the Letter did sufficiently identify the creditor. Defendant's argument should be rejected for at least two reasons. <u>First</u>, the Court cannot consider documents outside of the pleadings when deciding a Rule 12(c) motion. That is especially true where, as here, Defendant has failed to show that the document on which it relies was actually sent to Plaintiff along with the Letter.

Second, even if Defendant had made such a showing, the document relied upon by Defendant does little more than show how the alleged debt was calculated. It does not resolve the question of the identity of the creditor to whom the debt is owed, insofar as neither document indicates the name of an entity to whom payment should be made.

In addition, Defendant argues that it is entitled to judgment on the pleadings because Plaintiff has purportedly failed to sufficiently state that this is a "debt" within the meaning of the FDCPA. Defendant's argument in this regard must be rejected to the extent that it purports to rely on the "Move Out Reconciliation Report," filed in support of its motion. This document clearly references a residential lease. Regardless of whether the document has been verified and/or is admissible, it is duplicitous for Defendant to argue that Plaintiff has failed to establish that the alleged debt is consumer in nature and, therefore, covered by the FDCPA, while also relying on a document that indisputably establishes that fact.

Under these circumstances, it is respectfully submitted that the Court cannot find that Defendant is entitled to judgment as a matter of law and/or that there is no set of circumstances under which Plaintiff could prove her claim. To the contrary, and as will be set forth herein, Defendant's motion—standing alone—raises questions of fact sufficient to defeat a motion for judgment on the pleadings. For all these reasons, as well as those set forth herein, it is respectfully requested that Defendant's motion be denied.

## PROCEDURAL HISTORY

Plaintiff commenced this action upon the filing of a Complaint with this Court on December 18, 2017. *Dkt. No. 1, et seq.* The Court issued a Summons on the same date. *Dkt. 3.* Defendant was served with process on January 19, 2018, and proof of such service was filed with the Court on January 22, 2018. *Dkt. 4.* An initial conference was held with this Court on April

24, 2018.  *Dkt. 12.*  On May 4, 2018, Defendant served its Motion for Judgment on the Pleadings.  *Dkt. 13.*  On June 4, 2018, this Court granted Plaintiff an enlargement of time to file her Opposition to Defendant's motion, such that Opposition must be served by June 14, 2018. *Dkt. E.*

## STATEMENT OF FACTS

Plaintiff is an individual who is a citizen of the State of New York residing in Suffolk County, New York, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).  *Dkt. 1 at ¶5-6.* Defendant is a Georgia Corporation with a principal place of business in Fulton County, Georgia. *Id. at ¶7.*  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).  *Id. at ¶8-9.*

Defendant alleges Plaintiff owes a debt, which was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5) (the "*Debt*"). *Id. at ¶10-11.*  In its efforts to collect the debt, Defendant contacted Plaintiff by letter (the "*Letter*") dated December 15, 2016.  *Dkt.1-1.*  The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).  *Dkt. 1 at ¶15.*  The Letter contains the following information in the caption:

> Client: STONE GATE APTS / [redacted]1-306
> Client Account Number: [redacted]1-306
> NCS Account Number: [redacted]1178
>
> Balance: $3878.52.

*Dkt. 1-1.*

The Letter fails to identify by name and label any entity as "creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed." *Dkt. 1 at ¶27.*  The Letter fails to otherwise indicate whether the "Client" refers to the account owner, to Plaintiff's creditor, to Plaintiff's current creditor, to Plaintiff's original creditor or the creditor to whom the debt is currently owed.  *Id. at ¶¶29-33.*  Instead, the Letter only states, "[p]er your request,

3

enclosed you will find documentation provided to us by STONE GATE APTS / [redacted]1-306." *Dkt. 1-1*.  Critically, Plaintiff does not recall any "documentation" enclosed with the Letter. *See accompanying Declaration of Corissa Leavens*.  Thereafter, the Letter states only "[s]hould you have any additional question or need assistance in resolving this matter, please contact our office at your earliest opportunity." *Id.*

As set forth herein, and as now well-settled in this Judicial District, statements such as those set forth above are insufficient for the purposes of clearly and adequately conveying to the least sophisticated consumer the identity of the creditor to whom Plaintiff's debt is owed, and the Letter therefore violates 15 U.S.C. §1692e as a matter of law.

## **ARGUMENT**

Defendant's motion for judgment on the pleadings must be denied insofar as the motion itself serves to establish that there are questions of fact regarding the identity of the Plaintiff's alleged creditor.  Indeed, even if the evidence were viewed in a light most favorable to Defendant—which is not the standard—one could conclude only that Defendant has provided information regarding the nature of the debt.  The Letter provides no other information as to whether Defendant's "Client" was the original creditor, or just the entity who compiled the information regarding the alleged Debt.  Beyond that, the Letter fails to indicate the name of the entity to whom the debt is currently owed.  Is it STONE GATE APTS?  Is it Defendant?  Is it another entity?  For these reasons, the Court should not find that Defendant is entitled to judgment as a matter of law.

### A. **Standard of Review**

"In deciding a Rule 12(c) motion, [the courts] apply the same standard as that applicable to a motion under Rule 12(b)(6)**Error! Bookmark not defined.**, accepting the allegations

contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). In order to meet this standard, a complaint need only satisfy the requirements set forth under Fed. R. Civ. Pro. 8(a)(2), which provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) the Supreme Court explained that, in order to survive a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. In this regard, "a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id. at 678.* The Second Circuit has made clear that while *Twombly* imposed a "plausibility requirement" on pleadings under Rule 8, it did not change the Rule 8 pleading standard, squarely rejecting the argument that "*Twombly* imposed a heightened standard that requires a complaint to include specific evidence, factual allegations in addition to those required by Rule 8, and declarations from the persons who collected the evidence." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).

Dismissal of a complaint will be warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Flagler v. Trainor*, 663 F.3d 543, 546 (2d Cir. 2011). At the pleadings stage, "the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 72 (2d Cir. 2011) (citation omitted).

"Even after *Twombly* and *Iqbal*, the Court's role in deciding a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Mahoney v. Sony Music Entertainment*, No. 12 CIV. 5045 RJS AJP, 2013 WL 491526, at *5 (S.D.N.Y. Feb. 11, 2013). "Moreover, the district court should not be swayed into granting the motion because the possibility of ultimate recovery is remote." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). A well-pleaded complaint may not be dismissed simply because "it strikes a savvy judge that . . . a recovery is [either] remote [or] unlikely." *Twombly*, 550 U.S. at 556.

In this case, it is clear that Plaintiff has set forth sufficient factual predicate in her Complaint so as to withstand a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) and, by extension, a motion for judgment on the pleadings pursuant to Rule 12(c). That is because the Letter, standing alone, clearly fails to indicate the name of the creditor to whom the Debt is allegedly owed. Even if the Court were to consider the "Move Out Reconciliation Report" submitted by Defendant, which it should not insofar as Plaintiff denies having received same (and is otherwise dated 5/32013—three years before the Letter at issue), it would do little more than provide the basis on which the alleged Debt was calculated.

## B. The Court Should Not Consider the "Move Out Reconciliation Report" in the Context of a Rule 12(c) Motion

When deciding a motion to dismiss and/or a motion for judgment on the pleadings, the Court "is normally required to look only to the allegations on the face of the complaint," and is not to consider extraneous materials. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir.2007). Accordingly, the Court should not consider the "Move Out Reconciliation Report" submitted by Defendant, as it is not a part of the pleadings. That said, Plaintiff acknowledges that there is an exception to that rule, but it is only in circumstances where a document is annexed to the

Complaint, is incorporated by reference, or is "integral to the Complaint." *Chambers v. Time Warner Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

Here, while Defendant avers that the "Move Out Reconciliation Report" is purportedly "integral to the Complaint," it is wrong. That is because "[t]o be integral to a complaint, the plaintiff must (1) have "actual notice" of the extraneous information and (2) have relied upon the documents in framing the complaint." *Gerard v. Traffic Safety, LLC,* No. 11-cv-8550, 2012 WL 2866255 *3 (S.D.N.Y. July 2, 2012) quoting *Chambers, supra.* "Even if a document meets the twin requirements of integrality a court still may not consider it on a motion to dismiss if there is a dispute as to the relevance of the document." *Id.* citing *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

In light of the foregoing, it is clear that the "Move Out Reconciliation Report" fails the standard to be considered on Defendant's motion pursuant to Rule 12(c), insofar as Plaintiff avers that she did not have actual notice of the document, did not rely upon it in drafting the Complaint, and disputes its relevance. To that end, Defendant's reliance on the holdings in *Cavallaro v. Law Office of Shapiro & Kreisman*, 933 F. Supp. 1148, 1153-54 (E.D.N.Y. 1996) and *McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002) is misplaced. Defendant cites *Cavallaro* and *McStay* for the premise that collection letters should be evaluated as a whole. *Cavallaro* and *McStay* are not analogous, however, insofar as those cases were decided in the context of a motion for summary judgment, not on a motion for judgment on the pleadings. Further, there was no dispute in *Cavallaro* or *McStay* as to the authenticity of the letters. Instead, *Cavallaro* and *McStay* were "overshadowing" claims. Accordingly, unless and until Defendant can establish that the "Move Out Reconciliation Report" was a part of the Letter, which it has not

done, the Court cannot consider it on the instant motion.

### C. A Consumer's *Prima Facie* Case Under the FDCPA.

To establish a *prima facie* case under the FDCPA, a plaintiff must satisfy three (3) elements: (1) The plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3); (2) the defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6); and (3) the defendant has violated, by act or omission, a provision of the FDCPA. *See generally Suquilanda v. Cohen & Slamowitz, LLP*, No. 10-CIV-5868 (PKC), 2011 WL 4344044, at *3 (S.D.N.Y. Sept. 8, 2011) (citing *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 120 (2d Cir. 2011)).

In this case, Defendant attempts to argue that Plaintiff has failed to establish that the debt at issue is consumer in nature and, therefore, covered by the FDCPA, however, Defendant's argument should be rejected. In the Complaint, Plaintiff alleges that she is an individual, is a consumer, and that the Debt was primarily for personal, family or household purposes. *Dkt. 1 at ¶5, 6, 11*. While Defendant argues that these allegations are conclusory, they are not. Further, Defendant's argument is disingenuous to the extent that it seeks to use the "Move Out Reconciliation Report" to support its claim that the Letter sufficiently identifies the creditor. Setting aside the fact that this document should not be admitted for the reasons set forth above, it borders on the frivolous for Defendant to rely on that document (referring to a residential lease), regardless of whether it is excluded, yet deny that the Debt is consumer in nature. Defendant's position is further belied by the fact that the Letter contains the FDCPA disclaimer in the footer of the Letter, that the communication is from a debt collector and is an attempt to collect a debt. *Dkt. 1-1*.

To this end, Defendant's reliance on the holding in *Humphrey v. PennyMac Holdings, LLC,* 2017 WL 3184467 (D.N.J. 2017) is misplaced for at least two reasons. First, *Humphrey*

was decided in the context of a motion for summary judgment, not a motion for judgment on the pleadings. Second, in *Humphrey,* the defendant had introduced evidence before the Court in the form of Humphrey's loan application, which identified a Powder Spring, Georgia address as his home address, represented that this New Jersey Property was to be used for "Investment" purposes, and executed an "Occupancy, Misrepresentation and Nondisclosure Affidavit and Agreement," dated June 15, 2006… in which he confirmed under oath that he "shall rent the Property and shall not occupy the Property." *Id., .* 2017 WL 3184467 *2.

Here, Defendant has not presented any such evidence to the Court—nor could it on a Rule 12(c) motion. Further, neither Defendant nor Stone Gate so much as alleges that the "Move Out Reconciliation Report" refers to a commercial unit or one that was used as investment property (again, regardless of whether the document is admissible). If such an allegation had been made, it would be risible as Plaintiff could not use a residential apartment for which Stone Hill describes as a "one year lease" as an "investment property." Accordingly, Plaintiff respectfully submits that Defendant's position as to whether the Debt falls within the purview of the FDCPA should not be entertained by this Court or, otherwise, should be resolved in favor of Plaintiff.

### D. Defendant is not Entitled to Judgment on the Pleadings Because the Letter is Open to More Than One Reasonable Interpretation

15 U.S.C. § 1692e prohibits a debt collector from, *inter alia,* making a false or deceptive representation as to the identity of the current creditor to whom the debt is owed. While we agree with Defendant's contention that the Second Circuit has not directly addressed how clearly a collection letter must identify the name of the creditor to comply with the provisions of the FDCPA, and that there are "magic words" required (*Taylor v. MRS BPO, LLC,* No. 2:17-CV-01733 (ARR)(RER), 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017)), Courts in this District

have held that "a debt collector cannot satisfy § 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed." *Datiz v. Int'l Recovery Assocs.*, No. 15-cv-3549 (ADS)(AKT), 2016 WL 4148330 at *11 (E.D.N.Y. Aug. 4, 2016).

In the context of creditor identification, Your Honor has previously found that the analysis of whether a communication is "false, deceptive, or misleading" concerning the identity of the creditor under 15 U.S.C. §1692e**Error! Bookmark not defined.** is nearly identical to that of whether "the name of the creditor to whom the debt is owed" is "clearly and effectively convey[ed] . . . in connection with the debt" under 15 U.S.C. §1692g(a)(2). *McGinty v. Prof'l Claims Bureau, Inc.,* No. 15-cv-4356 (SJF) (ARL), 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016) (quoting *Eun Joon Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013)). A similar conclusion was reached by Judge Spatt in *Datiz, supra,* saying, "[t]he standard for determining a violation of § 1692e(10) is ***essentially the same*** as that for § 1692g" (*Datiz,* 2016 WL 4148330 at *7) (emphasis added).   Your Honor adhered to a similar determination in *Guarasci v. MRS BPO, LLC,* No. 17-cv-3679 (SJF)(ARL) at *14-16 (E.D.N.Y. Oct. 24, 2017), wherein the plaintiff, making allegations materially identical to those made by Plaintiff herein, "relied on cases which have found §1692e violations based on allegations that also supported §1692g violations for lack of sufficiently identifying a creditor."

While Defendant attempts to distinguish the holdings in *Datiz, McGinty* and *Eun Joon Lee,* its arguments are not persuasive.  Defendant's failure in this regard is shown by its near-exclusive reliance on the holding in *Taylor v. MRS BPO, LLC (supra)*, for the premise that it sufficiently identified the creditor to whom the Debt is owed.  Contrary to Defendant's argument, it is *Taylor* that is distinguishable, not *Datiz, McGinty* or *Eun Joon Lee.*

As Defendant correctly notes, the letter at issue in *Taylor* contained "boxed text on the top right side of the letter," which read "RE: CHASE BANK USA, N.A.," followed by "MRS ACCT#" and "CLIENT ACCT#." *Taylor,* 2017 WL 2861785, at *1. The main text of the letter went on to read:

> "When you call please let our representative know that you have received the CHASE BANK USA N.A. Option Letter." Id. After the signature line, the letter reads, "If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products." Id. The letter is on MRS letterhead and discloses that it is "communication ... from a debt collector." Id.

*Taylor,* 2017 WL 2861785, at *1.

While the *Taylor* Court acknowledged that "[c]ourts of this [d]istrict have repeatedly held that merely stating 'RE' and the name of an entity in a collection letter does not satisfy the ... requirements of the FDCPA," it nonetheless concluded that the collection letter, when read as a whole, was sufficient to identify the creditor to whom the debt was owed. *Id.* at 3.

Defendant also places great reliance on Judge Cogan's decision in *Goldstein v. Diversified Adj. Serv., Inc.*, No. 17-CV-04729 (BMC), 2017 WL 5592683, at *3 (E.D.N.Y. Nov. 20, 2017). Defendant cites *Goldstein* for the proposition that "collection letters that repeat the name of the creditor are adequate for Section 1692g, even if they don't use the word 'creditor'." Instead, Defendant argues that a debt collection letter may satisfy the requirements of 15 U.S.C. §1692g by providing the consumer with the information required thereunder either implicitly or explicitly. Def. Mem. at p. 6-7. While Plaintiff does not disagree with this contention *per se*', *Goldstein* is factually distinguishable from the case-at-bar, and is more analogous to *Taylor*. In *Goldstein,* the letter begins with the statement "[y]our account has been placed with us for collection." 2017 WL 5592683 at *1. Thereafter, the letter continues by stating "[w]e will inform Sprint once the payment(s) is/are posted. Payment of the settlement amount will not

restore your service with Sprint." *Id.* Judge Cogan went on to note that "the letter mentions Sprint *seven* times—once in the subject line, once on the subject line of a payment slip, and five times in its body." *Id. at* \*2. (emphasis in original).

As the Court can see, the language in the collection letters in *Taylor* and *Goldstein* are very similar, to the extent that they both advise that the debt collector would notify the respective creditor once a payment had been received.  Further, the letter in *Goldstein* mentioned Sprint *seven* times.  No such language is found here.  To the contrary, the Letter in this case mentions STONE GATE APTS twice and NCS twice. *Dkt. 1-1.* This is critical since, as the Court held in *Eun Joo Lee*, where the creditor "was the entity to which Plaintiff owed money and it is mentioned in the Collection Letter twice, but the letter [did] not clearly and effectively convey its role in connection with the debt."   926 F. Supp. 2d at 487.   Here, the Letter directs all correspondence to be directed to NCS, and says nothing about payments.  The Letter does not state whether payments should be made to NCS or to STONE GATE APTS, nor does it state that NCS will notify STONE GATE APTS if any payments are made.  In other words, the Letter is wholly innocuous as to the identity of the creditor to whom the Debt is allegedly owed.  To that end, this case is factually analogous to *Datiz, McGinty* and *Eun Joon Lee,* wherein the collection letters were found to have been deficient, and is distinguishable from *Goldstein* and *Taylor*, where the letters were deemed satisfactory.

Critically, both the *McGinty* and *Datiz* Courts held that the collection letters violated Section 1692e for the same reasons they violated Section 1692g .  *McGinty*, at \*7 ("[h]aving determined that Plaintiffs sufficiently state a claim arising under 15 U.S.C. §1692g(a)(2) by alleging that PCB failed to identify Plaintiffs' current creditors, Plaintiffs' allegations are also sufficient to state a claim against PCB arising under 15 U.S.C. § 1692e"); *Datiz*, at \*12 ("The

Court has already found that the Plaintiff has stated a plausible claim that the February 13, 2015 Letter does not sufficiently identify John T. Mather Hospital as the Plaintiff's current creditor. Thus, for the same reasons discussed above, the Court also denies the Defendant's motion to dismiss the Plaintiff's fourth cause of action under Section 1692e"); *see also Guarasci*, at *14-16.

Like the letters in *McGinty, Guarasci,* and *Datiz,* Defendant's Letter here merely captions an entity with an ambiguous "Client" designation, while failing to identify such entity, or any entity for that matter, as "account owner," "creditor," "current creditor," "original creditor," or "creditor to whom the debt is owed." Moreover, it does not contain any additional discussion in the overly generic body of the Letter as to what STONE GATE APTS' current relationship to the claim is. As such, the Letter runs afoul of 15 U.S.C. §§ 1692e and 1692e(10) because it is open to more than one reasonable interpretation by the least sophisticated consumer as to the creditor to whom Plaintiff's debt is owed, and at least one of those interpretations must be inaccurate. *See Clomon*, 988 F.2d at 1319 (2d Cir. 1993).

In light of the foregoing, the Letter is deceptive and misleading to the least sophisticated consumer within the meaning of Section 1692e. Accordingly, Plaintiff respectfully submits Defendant has failed to show an entitlement to judgment on the pleadings.

## **CONCLUSION**

For all these reasons, Plaintiff respectfully requests that Defendant's motion for judgment on the pleadings be denied in its entirety.

Dated: Garden City, New York
       June 15, 2018

                                        Respectfully submitted,

                                        BARSHAY SANDERS, PLLC
                                        *Attorneys for Plaintiff*

                          By:       s/ *David M. Barshay*_____
                                    David M. Barshay, Esq.
                                    Jonathan M. Cader, Esq.
                                    100 Garden City Plaza, Fifth Floor
                                    Garden City, New York 11530
                                    Telephone: (516) 203-7600
                                    Fax: (516) 706-5055
                                    *dbarshay@barshaysanders.com*
                                    *jcader@sanderslawpllc.com*