UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CORISSA LEAVENS, behalf of herself and
all others similarly situated,

                                            **MEMORANDUM & ORDER**
                Plaintiff,              17-CV-7354 (SJF)(AYS)

      -against-

NATIONAL CREDIT SYSTEMS, INC.,

                          Defendant.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

      Plaintiff Corissa Leavens ("Plaintiff" or "Leavens") commenced this action against defendant National Credit Systems, Inc. ("Defendant" or "NCS"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Presently before the Court is NCS's motion seeking judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Motion, Docket Entry ("DE") [16]. Plaintiff has opposed the motion. For the reasons set forth below, the motion is denied.

**I. BACKGROUND**

**A. Factual History[1]**

      Plaintiff is a citizen of New York and is a "consumer" as defined by 15 U.S.C. §1692a(3). Compl. ¶¶5-6. Defendant, a Georgia corporation with its principal place of business in Fulton County Georgia, is a "debt collector" as defined by 15 U.S.C. §1692a(6). *Id.* ¶¶7, 9. According to the Complaint, Defendant alleges that Plaintiff owes a "debt," and as that debt was primarily for personal, family or household purposes, it is a debt as defined by 15 U.S.C.

---

[1] The facts are taken from the Complaint ("Compl."), DE [1], and are assumed to be true for the purposes of this motion.

§1692a(5). *Id.* ¶¶10-11. Plaintiff fell behind on payments owed and at some subsequent point, the debt was assigned or otherwise transferred to Defendant for collection. *Id.* ¶¶12-13.

In an effort to collect the debt, Defendant sent Leavens a debt collection letter dated December 15, 2016 (the "Letter"). Compl. ¶14 & Ex. 1. The Letter appears on NCS letterhead and includes the following lines in the upper left-hand corner:

> Client: STONE GATE APTS / [redacted]1-306
> Client Account Number: [redacted]1-306
> NCS Account Number [redacted]1178
>
> Balance: $3878.52

The body of the letter reads in its entirety as follows:

> Per your request, enclosed you will find documentation provided to us by STONE GATE APTS / [redacted]1-306.
>
> Should you have any additional questions or need assistance in resolving this matter, please contact us at your earliest opportunity. Your representative will review and explain the charges assessed.
>
> We encourage you to take advantage of this opportunity, so we may settle this debt amicably.

*Id.*

**B.      Procedural History**

On December 18, 2017, Leavens commenced this action against NCS alleging that the letter violates §1692e of the FDCPA prohibiting false, deceptive, or misleading representations in connection with the collection of a debt. She alleges that the Letter is unfair and deceptive because, *inter alia,* it fails "to clearly and accurately identify the creditor to whom the debt is owed [and] is unfair and deceptive to the least sophisticated consumer. Compl. ¶21. She claims that the Letter fails to identify by name the "creditor," "original creditor," "current creditor,"

2

"account owner," or "creditor to whom the debt is owed." *Id.* ¶27. It also fails to indicate, *inter alia,* who referred the account to Defendant and who Defendant represents. *Id.* ¶¶34-35.

Defendant has moved for judgment on the pleadings arguing that the Letter clearly identifies Stone Gate Apartments as the creditor, especially when read in conjunction with a second document which Defendant urges the Court to consider on this motion. It further argues that Plaintiff has failed to plead sufficient facts to establish that the "debt" is subject to the FDCPA.

## II. LEGAL STANDARDS

### A. Judgment on the Pleadings

Pursuant to Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). Motions pursuant to Rule 12(c) are decided using "the familiar standard applicable to a Rule 12(b)(6) motion." *Polanco v. NCO Portfolio Mgmt., Inc.* 930 F. Supp. 2d 547, 549 (S.D.N.Y. 2013) (citing *Hayden v. Paterson,* 594 F.3d 150, 160 (2d Cir. 2010)). Therefore, to survive a motion pursuant to Rule 12(c), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S at 678 (citing *Twombly,* 550 U.S. 544, 556).

3

The determination of "whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S at 679.  A pleading that does nothing more than recite bare legal conclusions, however, is insufficient to "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678-679; *see also Twombly,* 550 U.S. at 555 (holding that a "formulaic recitation "formulaic recitation of cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.").

In deciding a motion for judgment on the pleadings, "the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation marks and citation omitted).  Consideration of additional materials outside the complaint may be permitted in limited circumstances, particularly when documents are "integral" to the complaint such that "the complaint relies heavily upon its terms and effect." *Goel v. Bunge, Ltd.,* 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002)).  "In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).  Even where a document is integral to the complaint, it may only be considered if it is "clear on the record that no dispute exists regarding authenticity or accuracy of the document" and that "there exist no material

4

disputed issues of fact regarding the relevance of the document." *Faulkner v. Beer,* 463 F.3d 130, 134 (2d Cir. 2006) (citation omitted).

## B.  FDCPA Standard

In enacting the FDCPA, Congress intended to eliminate "abusive practices in the debt collection industry, and also sought to ensure that 'those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 89 (2d Cir. 2008) (quoting 15 U.S.C. §1692(e)).  "Because the FDCPA is "remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated." *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (internal quotations marks and citation omitted).

Plaintiff claims that the Letter fails to comply with §1692e which broadly bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. §1692e; *see Cohen v. Rosicki, Rosicki & Assocs., P.C.,* 897 F.3d 75, 83 (2d Cir. 2018) (defining liability under the FDCPA "in terms of whether the debt collector's communication with the consumer is *in connection with* that consumer's obligation to pay money" (emphasis in original)).  A communication is deceptive "within the meaning of section 1692e(10) if: (1) the terminology used is vague or uncertain ... or (2) it can reasonably be read to have at least two different meanings, one of which is inaccurate." *Pifko v. CCB Credit Servs., Inc.*, 09-CV-3057, 2010 WL 2771832 at *4 (E.D.N.Y. July 7, 2010) (citations omitted).

"In this Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the least sophisticated consumer." *Jacobson,* 516 F.3d at 90. It is an objective standard, "measured by how the 'least sophisticated consumer' would interpret

5

the notice received from the debt collector." *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159, 161 (2d Cir. 2001) (quoting *Russell v. Equifax A.R.S.,* 74 F.3d 30, 34 (2d Cir. 1996)). Applying this standard, courts analyze collection letters "from the perspective of a debtor who is uninformed, naïve, or trusting, but is making basic, reasonable and logical deductions and inferences." *Dewees v. Legal Servicing, LLC,* 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007) (quoting *Spira v. Ashwood Fin. Inc.,* 358 F. Supp. 2d 150, 156 (E.D.N.Y. 2005)). Ultimately, a determination of whether a communication violates the FDCPA depends upon "whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *Weiss v. Zwicker & Assocs., P.C.,* 664 F. Supp. 2d 214, 216 (E.D.N.Y. 2009) (internal quotation marks and citation omitted).

### III. DISCUSSION

#### A. Consideration of Documents Outside the Pleadings

Defendant urges the Court, in deciding this motion, to consider a document that it claims was sent to Plaintiff along with the Letter. In support of its motion, Defendant has provided a declaration from Ron Sapp, NCS Vice President of Operations, setting forth NCS's procedure for keeping notes on its accounts. Declaration of Ron Sapp, ¶2, DE [16-3]. Sapp states that a review of the account notes for Plaintiff's account shows a mailing to her on or about December 15, 2016, *id.* ¶3, and that according to the notes, the mailing included the Letter that is attached to the complaint, as well as a one-page enclosure (the "Enclosure"). *Id.*, Ex. A. The Enclosure is dated May 3, 2013, has the name, address, and telephone numbers for "Stone Gate Apartments, 201 Stonebriar Circle, Spring Lake, NC 28390" in the upper left-hand corner. It is entitled "Move Out Reconciliation Report" and is addressed "To: Matthew Leavens, 221

Stonebriar Circle #306, Spring Lake, NC 28390." It refers to a one-year lease from 3/30/2012 to 3/31/2013 and lists the residents of the unit as Mr. Leavens and Daniel Lell. Finally, it states a Balance Due in the total of $3,878.52 comprising various charges including, *inter alia,* rent due and various fees for damage, cleaning, keys/locks, and termination. In response to the Sapp Declaration, Plaintiff has submitted her own declaration stating that she has "no recollection of having received" the Enclosure and that the document is "otherwise unfamiliar to me." Declaration of Corissa Leavens, ¶5, DE [16-6].

Defendant argues that the Letter, read in tandem with the Enclosure, makes it clear that Stone Gate Apartments is the creditor; Plaintiff argues that the Enclosure is not part of the pleadings and may not be considered on a Rule 12(b)(6) or (c) motion. The Letter clearly references enclosed "documentation." Thus, to the extent the Enclosure provided by Defendant *is* that documentation, it is integral to the complaint.

Plaintiff states that she does not recall seeing the Enclosure in her declaration, which Defendant characterizes as "self-serving." At the motion to dismiss stage, however, the declaration is sufficient to raise an issue of fact as to the authenticity of the Enclosure and whether Plaintiff had actual notice of it. In the Declaration submitted on Defendant's behalf, Sapp provides general information about how NCS maintains its records, states that its records show in this case that it mailed the Letter with the Enclosure to Plaintiff, and that the mailing was not returned as undeliverable. He does not, however, provide any detail regarding how the mailing was generated and processed, and whether it was mailed by U.S. first-class mail or some other method. Although Defendant need not provide evidence of the actual, physical mailing of the Letter and Enclosure to Plaintiff, more information is required to establish mailing, which will, in turn, raise the presumption of receipt by Plaintiff. As the Enclosure was not attached to

7

the complaint, and in light of the issue regarding Plaintiff's receipt of the document, it will not be considered in resolving this motion.

**B.  Section 1692e Claim**

Plaintiff alleges that the Letter violates §1692e's general prohibition against false, deceptive or misleading representations or means in connection with the collection of a debt. She does not contend that the Letter is an initial communication within the meaning of the FDCPA, nor does she assert a claim under §1692g(a)(2), which expressly requires notice of the name of the creditor.   At least one court has noted that it is "unclear whether a failure to identify the current creditor in a communication subsequent to the initial disclosure required by Section 1692g(a) is actionable under the catchall provision of Section 1692e(10)." *Taylor v. MRS BPO, LLC,* 17-CV-1733, 2017 WL 2861785, at *2 (E.D.N.Y. July 5, 2017).  Where a plaintiff pleads violations of both sections, "[t]he standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g." *Foti v. NCO Fin. Sys., Inc.,* 424 F. Supp. 2d 643, 666-67 (S.D.N.Y. 2006).

Defendant argues that the Letter "clearly identifies Stone Gate Apartments as the creditor to whom the debt is owed."  Def. Mem. of Law at 6, DE [16-2].  Although a specific label, such as "creditor" is not required as a matter of law, a letter must not be misleading to the least sophisticated consumer.  Here, "Stone Gate Apts" is referenced twice in the Letter—first as "Client," presumably of NCS, and later in the body of the letter as the entity that provided documentation to NCS.  The mere characterization of Stone Gate Apartments as a "client," may suggest a connection between it and NCS, but provides no connection between Stone Gate Apartments and Plaintiff.  *See Eun Joo Lee v. Forster & Garbus, LLP,* 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013) (letter was misleading and failed to identify creditor where the entity to which

8

plaintiff owed money was mentioned twice, but the letter did not "clearly and effectively convey its role in connection with the debt").

Since letters must be read in their entirety, the use of a potentially misleading label may be cured by other language within the letter that alerts even the least sophisticated consumer to the identity of the creditor to whom the debt is owed. *See, e.g., Taylor,* 2017 WL 2861785, at *3 (letter's use of "Re: Chase Bank" was adequate to identify the creditor where the letter also mentioned Chase "in a context that 'implicitly mak[es] lear' that Chase is the current creditor" (citation omitted; alteration in original)); *Wright v. Phillips & Cohen Assocs., Ltd.*, No. 12 CV 4281, 2014 WL 4471396, at *5 (E.D.N.Y. Sept. 10, 2014) (any potential label confusion "was alleviated by Defendant's plain statement that the debt Defendant intended to collect was 'on behalf of our above referenced client'"). The body of the Letter here provides no such clarification, stating only that "Stone Gate Apts" provided documentation to NCS regarding the debt, a statement that does not identify Stone Gate Apartments as the current creditor.

In the absence of additional language in the letter, the least sophisticated consumer could be confused about Stone Gate Apartments' current role. As NCS's "client," it could be the current creditor, or it could have been a previous creditor that sold the debt to NCS. The apparent fact that it provided documentation to NCS regarding the debt also does not, by itself, identify Stone Gate Apartments as the current creditor.

Accordingly, assuming that the Letter can be read as an attempt in connection with collection with a debt, it is misleading in its failure to clearly identify the current creditor.[2]

---

[2] Given the first line of text in the Letter, an argument could have been made that the Letter was not an attempt to collect a debt at all but rather Defendant's response to a request for information from Plaintiff. *See, e.g,, Araujo v. PennyMac Loan Servs., LLC,* No. 15-CV-00062, 2015 WL 5664259, at *3 (E.D.N.Y. Sept. 23, 2015) (finding that "the FDCPA does not apply to a communication reflecting a debt collector's ministerial response to a consumer inquiry"). However, as that issue was neither raised nor briefed on the motion, it is not currently before the Court.

## C. Allegation of a "Debt"

Defendant argues that Plaintiff has failed to adequately allege that the "debt" at issue falls within the FDCPA's purview. Plaintiff claims that "*Defendant* alleges Plaintiff owes a debt," thus suggesting that she may be challenging whether she does, in fact, owe the debt in question. Compl. ¶10 (emphasis supplied). She goes to allege that the debt "was primarily for personal, family or household purposes" and concludes that it is a debt as defined by the FDCPA. *Id.* ¶11. Defendant argues that this conclusory statement, which is essentially a recitation of the statutory definition of "debt" without supporting facts, does not adequately set forth a claim under the FDCPA. *See Maleh v. United Collection Bureau, Inc.,* 287 F. Supp. 3d 265, 271 (E.D.N.Y. 2018). While Defendant concedes that the debt "could have been incurred for personal, family or household purposes," Def. Mem. of Law at 13, it goes on to suggest that it could have been incurred for business purposes such as subletting of the unit.

Plaintiff in the complaint appears to question whether she owes the debt, a reading that is supported by the Letter which purports to provide her with documentation regarding the debt. Under these circumstances, the allegations, while sparse, are sufficient to satisfy Rule 8. Defendant may, of course, raise this issue on summary judgment, if appropriate.

## IV.  CONCLUSION

Defendant's motion for judgment on the pleadings, DE [16], is denied.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
       March 29, 2019